No. 03-769

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 194N

IN RE CUSTODY OF
ANDREW BRIAN HETLAND,

Minor Child of,

CYNTHIA COTTON a/k/a CYNTHIA SELL,

       Petitioner and Appellant,

    v.

RICK HETLAND,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade, Cause No. BDR-95-401,
                The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            Patrick F. Flaherty, Attorney at Law, Great Falls, Montana

       For Respondent:

            Rick Hetland (pro se), Red Lodge, Montana

                     Submitted on Briefs:  May 19, 2004

                             Decided:  July 27, 2004

Filed:

                           Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraphs 3(c) and 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    On February 11, 2003, we entered an order amending Section 1.3 of our 1996 Internal Operating Rules. The amended Section 1.3(d) provides in relevant part:

> (i) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion affirming the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the appeal is without merit because:
> (1) the issues are clearly controlled by settled Montana law or federal law binding upon the states;
> (2) the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below; or
> (3) the issues are ones of judicial discretion.

We conclude that this is an appropriate case to decide pursuant to our February 11, 2003, order.

¶3    Cynthia appeals denial of her motion to modify child support by the Eighth Judicial District Court, Cascade County. With respect to cases establishing or modifying obligations for child support, we review a district court's ruling for abuse of discretion. *In re Marriage of Syverson* (1997), 281 Mont. 1, 9, 931 P.2d 691, 696.

¶4    Cynthia has five sons. Three live primarily with their father, who was Cynthia's first husband. The fourth son, Andrew, the subject of this case, lives primarily with his father,

2

Rick Hetland, who was initially found to be married at common law to Cynthia, but who later stipulated that there was never a marriage. The fifth son, Ethan, lives with Cynthia and her current husband.

¶5 Cynthia filed a petition for dissolution from Rick in July 1995. Andrew was two years old at that time. The dissolution proceeding dragged on until June 1998, when the court accepted a stipulation by the parties that they had never been married. At that time the case assumed the status of a custody dispute only. Between 1995 and 1998 the parties made, broke, fought over, and re-made several joint custody agreements. In January 1999, the court entered its Findings of Fact, Conclusions of Law, and Order, finally determining Andrew's custody and support. The court awarded primary physical custody to Rick, and ordered Cynthia to pay $143 per month child support to Rick beginning in June 2000.

¶6 In March 2002, Rick filed a motion to terminate Cynthia's parental rights. Rick alleged that Cynthia had not paid any child support and that she had stopped her weekend visitations, ultimately only seeing Andrew for one week in the summers and a few days at Christmas. The court denied the motion because there is no applicable Montana statute that allows for termination of parental rights for failure to pay child support.

¶7 In June 2002, Rick filed a motion seeking sole custody of Andrew for essentially the same reasons set forth in his motion to terminate parental rights. At the September 2002 show-cause hearing, the court ordered the parties to work out a visitation schedule. This failed and the court ordered mediation. The mediation resulted in yet another visitation agreement, but did not settle support issues.

¶8 On June 24, 2003, Cynthia filed a motion to modify child support alleging that the

birth of her fifth son, Ethan, had radically altered her ability to work. Ethan was born with a heart condition and brain disorder that causes seizures. Cynthia stated that she is unable to work because Ethan's condition requires her to take him to therapy four times per week, be available to administer his medications, and when his condition flares up, stay with him during periods of hospitalization.

¶9 The motion sought to set aside retroactively the original provision of the custody order requiring her to pay child support, and to eliminate any further requirement for future support. The District Court denied the retroactivity portion of the motion pursuant to § 40-4-208(1), MCA, because the statute states that "a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification." Cynthia's argument on appeal for retroactivity relies on language to the effect that not to allow a retroactive set-aside ignores the "extreme and unconscionable" circumstances she finds herself in. The District Court's reliance on § 40-4-208(1), MCA, is a correct statement of the law to be applied in this case and is affirmed.

¶10 In support of her request for termination of her future payments, Cynthia argues on appeal that § 40-4-204(3), MCA, requires the court to review the uniform child support guidelines when making a modification of child support and that the District Court did not do so in this case. This argument could be valid if the court had first made a finding that the support order should be modified pursuant to § 40-4-208(b)(i), MCA. However, the court did not make such a finding. Rather, while the court found that Cynthia's son, Ethan, does have significant health problems, it also found that Ethan's problems do not prohibit Cynthia from working at least part-time while her husband is at home to care for Ethan.

4

¶11 Review of the record supports this finding in that Cynthia is a licensed practical nurse, can work non-standard hours, and was planning on returning to work once Ethan's condition had stabilized. Cynthia testified that Ethan could go months without having any problems and then suddenly be stricken. When asked whether her husband could be home with Ethan while she worked some shifts, she testified that her husband is not "comfortable with Ethan's illness" and that he "does not deal with it well at all." Yet, at the time of the hearing, she testified that Ethan regularly stays at home with her husband when he is not working.

¶12 The evidence supports the District Court's exercise of its discretion in finding that a modification of child support is unwarranted.

¶13 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER